IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JSC LAND COMPANY, LLC, an )
Oklahoma limited liability company, )
)
                   Plaintiff, )
)
vs. ) Case Number CIV-12-1082-C
)
RICK THOMPSON, TRUSTEE OF THE )
RICK THOMPSON REVOCABLE )
TRUST U/A, et al., )
)
                   Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action seeking to quiet title to certain land it owns along the South Canadian River in Blaine County, Oklahoma. According to Plaintiff, over many years the natural flow of the South Canadian River has caused land to form by imperceptible degrees along the southern border of Plaintiff's property. Seeking to gain clear title to this land, Plaintiff filed this action. In its Amended Complaint, Plaintiff named as a Defendant Ms. Benedict. However, Ms. Benedict had previously conveyed her land to Mr. Jameson. Ms. Benedict disclaimed any interest in Plaintiff's land and Plaintiff dismissed the claims against her with prejudice. Believing that Plaintiff's action constituted a cloud on his title to the land, Jameson intervened and filed an Answer and Counterclaim seeking to remove the cloud on his title created by Plaintiff's lawsuit. Plaintiff filed a Motion to Dismiss the Counterclaim and disclaimed any interest in the land owned by Jameson. Jameson objects to the Motion to Dismiss arguing that instead, the Court should grant his Motion for Summary Judgment on his request to quiet title.

Plaintiff has also filed a Motion for Summary Judgment, arguing that Jameson has no interest in its land including any land it has acquired through accretion.

After a multitude of briefs, significant time and expense incurred by the parties and the Court, two facts are clear and undisputed: 1) Plaintiff claims no interest in any land owned by Jameson; that is, land south of the centerline of the Canadian River (see Dkt. No. 76, Exh. 1 Disclaimer); and 2) Jameson claims no interest in any land owned by Plaintiff; that is, land north of the centerline of the Canadian River (see Dkt. No. 98, admitting Plaintiff's summary judgment facts). Given these clear and unequivocal statements by the parties, the Court finds that neither party has created a cloud on the other's title. See 78 A.L.R. 24(I)(a) (gathering cases which recognize that to constitute a cloud on title there must be some apparent but invalid claim to title to another's land). Consequently, there is no justiciable controversy between the parties and the Court lacks power to consider the matter further. See Consumer Data Indus. Ass'n. v. King, 678 F.3d 898, 902 (10th Cir. 2012). Defendant Jameson will be dismissed from this matter.

For the reasons set forth herein, Plaintiff's Motion to Dismiss Counterclaim of Intervening Defendant (Dkt. No. 76); Jameson's Motion for Summary Judgment (Dkt. No. 79); and Plaintiff's Motion for Summary Judgment Against Intervenor Herman Jameson (Dkt. No. 92) are STRICKEN as moot. Because no case or controversy exists between these parties, Defendant Jameson is DISMISSED from this action.

IT IS SO ORDERED this 25th day of June, 2013.

ROBIN J. CAUTHRON
United States District Judge